

**U.S. Department of Justice**

*United States Attorney*
*District of Nevada*

FILED / ENTERED
JUN 22 2010
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

*100 West Liberty, Suite 600*                           *(775) 784-5438*
*Reno, Nevada 89501*                                     *FAX: (775) 784-5181*

June 14, 2010

## MEMORANDUM OF PLEA NEGOTIATIONS

TO:        Honorable Robert A. McQuaid, Jr.
           United States Magistrate Judge

FROM:      Megan Rachow
           Asst. United States Attorney

SUBJECT:   U.S. v. Nicole Hubbard
           3:10-cr-00066

I.         PLEA NEGOTIATION

The defendant, Nicole Hubbard, is charged in a single count Information filed May 21, 2010, with the offense of Obstruction of Mails, in violation of Title 18, United States Code, Section 1701. The Government and the defendant have agreed to the following:

1. The defendant will plead guilty as charged to the count in the Misdemeanor Information. The Government will recommend probation if the defendant qualifies.

2. The parties agree that the offense set forth in the Misdemeanor Information is a Class B misdemeanor and therefore, pursuant to U.S.S.G. §1B1.9, the sentencing guidelines do not apply to these offenses.

3. The parties agree that the amount of restitution in this case is $1,297.00.

4. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.

5. The defendant is also aware that Title 18, United States Code, Section 3742 gives the defendant a right to appeal the sentence to be imposed and that other federal laws give the

defendant rights to appeal other aspects of his conviction. In exchange for the concessions made by the United States in the instant plea agreement, the defendant knowingly and expressly waives her right to appeal any sentence to be imposed, further waives her right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3553, and further waives her right to appeal any other aspect of her conviction or sentence. The defendant is also waiving her right to collaterally attack the guilty plea or sentence, except for claims of ineffective assistance of counsel that the courts deem non-waivable.

II.     PENALTY

A.      Statutory:

Title 18, United States Code, Section 1701 provides for a penalty of imprisonment of not more than 6 months.

Title 18, United States Code, Section 3571(b)(6), provides that a fine of not more than $5,000.00 may be imposed in addition to any term of imprisonment.

Probation is available as a punishment for this offense. If the Court sentences the defendant to probation, Title 18, United States Code, Section 3561(c)(2) provides that a term of probation may not exceed 5 years.

Title 18, United States Code, Section 3663(a)(1)(A) allows the Court to include restitution to victims as part of a sentence.

A mandatory special assessment under Title 18, United States Code, Section 3013(a)(A)(ii) of $10.00 must be imposed at the time of sentencing for each count of conviction.

B.      Sentencing Guidelines:

The sentencing guidelines are not applicable to a class B misdemeanor. U.S.S.G. §1B1.9

III.    ESSENTIAL ELEMENTS OF THE OFFENSE

Before a verdict of guilty may be reached, the Government would have to prove the essential elements of the offense beyond a reasonable doubt as follows:

First:   That the defendant knowingly and willfully
Second:  obstructed or retarded the passage of mail.

IV.        FACTUAL STIPULATION RELEVANT TO SENTENCING

Between July 17, 2008 and November 11, 2008, an investigation was conducted into the theft of two Postal Service money orders (one had a $1,000.00 value and one had a $197.00 value) and one American Express (AMEX) gift card in the amount of $100.00. The investigation identified Nicole Hubbard as the Sales, Service/Distribution Associate, Postal Service, Gardnerville Post Office, Gardnerville, Nevada, as the individual who had negotiated the postal service money orders on July 17, 2008 and who had used the AMEX gift card at Target and Wal Mart on or about November 11, 2008. Nicole Hubbard was confronted and admitted to taking the money orders and the AMEX gift card out of the mail at the Gardnerville Post Office.


V.         STATEMENT OF THE DEFENDANT

I, Nicole Hubbard, hereby acknowledge that I have thoroughly read and reviewed this memorandum with my attorney and agree that this memorandum completely and accurately states the facts supporting my plea of guilty and the negotiations between myself, my attorney, and the United States Attorney's Office. I have discussed the contents of this memorandum with my attorney and it has been explained it to my satisfaction.

I have explained the facts and circumstances surrounding this case completely to my attorney and have been advised of what legal courses of action I might take. These discussions have included what might happen if I go to trial, what evidence the Government has against me, and the possible defenses, if any, I may have to these criminal charges.

My attorney has not promised me anything not mentioned in this plea memorandum and, in particular, my attorney has not promised that I will get any specific sentence. I understand that any discussions with my attorney about the possible sentence I might receive from the Court are just predictions and not binding on the Court. I know I cannot withdraw my guilty plea because my attorney's sentencing predictions turn out to be wrong.

My attorney has also explained to me my Constitutional Rights, including my right to trial, to confront my accusers, to call witnesses on my own behalf, and my right to remain silent. My attorney has further explained to me that I have to waive these rights, that is, give them up, in order to have my guilty plea accepted by the Court.

I understand that the United States Attorney's Office will fully inform the Court and the United States Probation Office, if the Court orders a pre-sentence report, of the nature, scope, and extent of my conduct regarding the facts and circumstances of the charges against me, and any and all related matters in aggravation or mitigation concerning the issue of my sentencing.

I know if the Government is making a non-binding recommendation as to what type of sentence I should receive, the Court does not have to follow that recommendation. I also understand that I cannot withdraw my guilty plea because the Court decides to not follow the non-binding sentencing recommendation of the Government.

    I further understand that the matter of sentencing is entirely up to the Court. Any stipulations or agreements between myself, my attorney, and the United States Attorney's Office are not binding upon the Court. I know the Court will decide my sentence based upon the facts of this case and my personal background. I fully understand that my sentence could be anywhere within the range set forth in Section II of this memorandum.

    Finally, I understand that the decision to plead guilty or go to trial is mine alone. As stated above, I have discussed this case fully with my attorney and received legal advice about what is the best course of action that I should take. My decision after receiving this advice is to plead guilty under this agreement.

_____   6/22/10
NICOLE HUBBARD         Date

_____   6-22-10
VITO DE LA CRUZ         Date
Counsel for defendant